John R. Edwards and Celia H. Edwards, Husband and Wife v. Commissioner.
Edwards v. Commissioner
Docket No. 35637.
United States Tax Court
1953 Tax Ct. Memo LEXIS 340; 12 T.C.M. (CCH) 249; T.C.M. (RIA) 53078; March 12, 1953
*340 Claude C. Pierce, Esq., for the petitioners. James R. Harper, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined the following deficiencies and penalties in petitioners' income tax: Year
Deficiency
50% Penalty
1944
$ 752.32
$ 376.16
1945
2,721.24
1,360.62
1946
1,853.34
926.67
1947
1,791.02
895.51
1948
1,739.90
869.95
1949
1,434.70
717.35
In their petition filed July 9, 1951, taxpayers allege that they had paid the amount of the deficiencies determined and put in issue only the question of fraud. On August 24, 1951, respondent filed his answer, alleging that the deficiencies in the case were due to fraud with intent to evade tax, together with facts supporting his charge of fraud. Petitioners filed no reply to such answer. Under date of October 25, 1951, respondent filed a motion requesting the Court to enter an order requiring the petitioners to show cause why the allegations of respondent's answer should not be deemed admitted. Such an order to show cause was issued by the Court the same day, calling on petitioners to show cause on or before December 5, 1951 why respondent's *341 motion should not be granted. No reply was filed or other action taken by the petitioners and on December 5, 1951, the rule was made absolute. The case was duly calendared and came on for hearing before the Court on January 22, 1953, at which time petitioners appeared by counsel and moved the Court to vacate the rule of December 5, 1951 and permit them to file a reply forthwith. This motion was denied and the case submitted on the pleadings. It is to be noted that the petitioners allowed the order of the Court to stand uncontested for more than a year. Then after the case was calendared for hearing, and but two days before the hearing, a new lawyer was engaged and at the scheduled hearing an attempt made to have the Court retrace the steps previously taken and vacate the order on the rule to show cause. No excuse was offered to account for the delay and inattention, nor was it shown that taxpayers had not been fairly dealt with. Confronted, as it is, with a very heavy docket, and, in view of the difficulty of the work of the Court, we have found it necessary to adopt certain rules of procedure which require the taxpayers' cooperation. Absent such cooperation, the work of the *342 Court is greatly handicapped. The orderly procedure of the Court would be seriously interrupted if the stamp of approval were placed on situations such as appear in the present case. The rule is fair both to the government and the taxpayers and we see no reason for not enforcing it here. In the present case, respondent had relied on the existing state of the pleadings, as he had a right to do, and was not prepared to proceed as though a reply had been previously filed. Had petitioners' last-minute motion been granted, respondent, on whom rested the burden of proof of fraud, either would have been obliged to ask for a continuance or go to trial wholly unprepared, perhaps without witnesses, to establish the issue. Since the case was heard in a city where the Court seldom sits more than once a year, a continuance would have meant a delay of perhaps a year or more. Such a delay might not inconvenience the taxpayers, but if the instance be multiplied by similar situations throughout the entire country, it would seriously impede the administration of the tax laws and the disposition of cases and would interfere with the orderly collection of the revenues. The correctness of the deficiencies *343 was not in issue, and, accordingly, the deficiencies stand unassailed. The allegations of respondent's answer, standing admitted, established that petitioners filed false and fraudulent returns for each of the years 1944 through 1949, with intent to evade tax. Accordingly, judgment must be given for the respondent. Decision will be entered under Rule 50.